UNITED STATES BANKRUPTCY COURT WESTERN DISTRICT OF WISCONSIN

www.wiwb.uscourts.gov

**CHAPTER 13 PLAN (Individual Adjustment of Debts)**

■ May 20, 2022 _____ Original Plan

☐ _____ Amended Plan (Indicate 1st, 2nd, etc. Amended, if applicable)

☐ _____ Modified Plan (Indicate 1st, 2nd, etc. Modified, if applicable)

DEBTOR: Jennifer McKinney     JOINT DEBTOR: _____     CASE NO.: 22-10661

SS#: xxx-xx- 8026            SS#: xxx-xx- _____

## I. NOTICES

To Debtors: Plans that do not comply with local rules and judicial rulings may not be confirmable. All plans, amended plans and modified plans shall be served upon all creditors and a certificate of service filed with the Clerk pursuant to Local Rules 3015-1, 3015-2, and 3015-3.

To Creditors: Your rights may be affected by this plan. You must file a timely proof of claim in order to be paid. Your claim may be reduced, modified or eliminated.

To All Parties: The plan contains no nonstandard provisions other than those set out in paragraph VIII. Debtor(s) must check one box on each line listed below in this section to state whether the plan includes any of the following:

| | Included | Not included |
|---|---|---|
| The valuation of a secured claim, set out in Section III, which may result in a partial payment or no payment at all to the secured creditor | ☐ | ■ |
| Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section III | ☐ | ■ |
| Nonstandard provisions, set out in Section VIII | ■ | ☐ |

TO ALL PARTIES:
Unless otherwise provided for in this plan, the Trustee shall disburse payments in the following order: administrative expenses including trustee and attorney fees, secured claims, priority claims, general unsecured claims.

## II. PLAN PAYMENTS, LENGTH OF PLAN AND DEBTOR(S)' ATTORNEY'S FEE

A. **MONTHLY PLAN PAYMENT:** This Plan pays for the benefit of the creditors the amounts listed below, including trustee's fees beginning 30 days from the filing/conversion date. Debtor(s) will make payments by employer wage order, unless otherwise specified herein. The payments must be made for the Applicable Commitment Period, either 36 or 60 months, or for a shorter period that is sufficient to pay allowed nonpriority unsecured claims in full.

1. $15,815.00 for 60 months;
2. $0.00 for _____ months;
3. $0.00 for _____ months;
4. $0.00 for _____ months;
5. $0.00 for _____ months;
6. $0.00 for _____ months;
7. $0.00 for _____ months;

The total amount of estimated payments to the trustee: $948,900.00

B. **DEBTOR(S)' ATTORNEY'S FEE:**     ☐ NONE     ☐ PRO BONO

| Total Fees: $10000.00 | Total Paid: $2500.00 | Balance Due: $7500.00 |
|---|---|---|
| Payable $0.00 /month (Months ___ to ___ ) | | |
| Attorney fees subject to Court Approval | | |

Debtor(s) Jennifer McKinney _____ Case number: 22-10661

| III. | **TREATMENT OF SECURED CLAIMS** |
|---|---|

A. **SECURED CLAIMS:** ☐ NONE

[Retain Liens pursuant to 11 U.S.C. §1325 (a)(5)] Mortgage(s)/Lien on Real or Personal Property:

1. Creditor: Marine Credit Union

   Address: Attn: Bankruptcy
   Po Box 309
   Onalaska WI 54650

   Arrearage/ Payoff on Petition Date   307,092.00
   Regular Payment (Direct)   $2,285.00 /month

   Account No.: _____
   Other:   Debtor to pay secured home mortgage payment directly to Lender

   ☒ Real Property                                 Check one below for Real Property:
     ☒ Principal Residence                          ☐ Escrow is included in the regular payments
     ☐ Other Real Property                          ☒ The debtor(s) will pay  ☒ taxes  ☐ insurance directly

   Address of Collateral:
   W5441 Innsbruck Rd West Salem, WI 54669

   ☐ Personal Property/Vehicle
   Description of Collateral:

2. Creditor: Internal Revenue Service

   Address: PO Box 7346
   Philadelphia PA
   19101-7346

   Arrearage/ Payoff on Petition Date   1,033,490.33
   Arrears Payment (Cure)   $0.00 /month

   Account No.: _____
   Other:   See Non-Standard Provision Below

   ☐ Real Property                                 Check one below for Real Property:
     ☒ Principal Residence                          ☐ Escrow is included in the regular payments
     ☐ Other Real Property                          ☐ The debtor(s) will pay  ☐ taxes  ☐ insurance directly

   Address of Collateral:

   ☒ Personal Property/Vehicle
   Description of Collateral: All Assets

B. **VALUATION OF COLLATERAL:**  ☒ NONE

| IV. | **TREATMENT OF FEES AND PRIORITY CLAIMS** [as defined in 11 U.S.C. §507 and 11 U.S.C. § 1322(a)(4)] |
|---|---|

A. **ADMINISTRATIVE FEES OTHER THAN DEBTORS(S)' ATTORNEY'S FEE:**  ☒ NONE

B. **PRIORITY TAX CLAIMS:**  ☐ NONE

| Total Due: | $555,946.69 | Total Payment | $555,946.69 |
|---|---|---|---|
| Payable | $0.00 /month | | |

C. **DOMESTIC SUPPORT OBLIGATION(S):**  ☒ NONE

D. **OTHER:**  ☒ NONE

| V. | **TREATMENT OF UNSECURED NONPRIORITY CREDITORS** |
|---|---|

Debtor(s) Jennifer McKinney                              Case number: 22-10661

- **A.** Pay     $0.00     /month

  Pro rata dividend will be calculated by the Trustee upon review of filed claims after bar date.

- **B.** ☐ If checked, the Debtor(s) will amend/modify to pay 100% to all allowed unsecured nonpriority claims.

- **C.** <u>SEPARATELY CLASSIFIED</u>:     ■ NONE

*Debtor(s) certify the separate classification(s) of the claim(s) listed above will not prejudice other unsecured nonpriority creditors pursuant to 11 U.S.C. § 1322.

**VI.** **EXECUTORY CONTRACTS AND UNEXPIRED LEASES:** Secured claims filed by any creditor/lessor granted stay relief in this section shall not receive a distribution from the Chapter 13 Trustee.

  ■ NONE

**VII.** **INCOME TAX RETURNS AND REFUNDS:** ■ NONE

**VIII.** <u>**NON-STANDARD PLAN PROVISIONS**</u>  ☐ NONE

■ Nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in the Local Form or deviating from it. Nonstandard provisions set out elsewhere in this plan are void.

(III)(A)(2) - The Internal Revenue Service filed a proof of claim with a secured claim in the amount of $1,033,490.33. The Debtor disputes the secured status of this claim and will file a claim objection under separate cover. The Debtor believes the secured claim is limited to the value of the assets in the amount of $520,516.81. The secured claim of $520,516.81 shall be amortized over 10 years at 3.0% interest for a monthly payment of $5,026.15. The Debtor shall continue this payment after the completion of the chapter 13 plan.

(IV)B) - The Internal Revenue Service filed a proof of claim with a unsecured priority claim in the amount of $234,100.00. The Debtor believes that the unsecured priority claim is in the amount of $555,946.69 and will include the breakdown in the claim objection mentioned above. The priority claim of $555,946.69 shall be paid on a pro-rata basis from the Trustee at 0.0% interest.

☐ Mortgage Modification Mediation

**PROPERTY OF THE ESTATE WILL VEST IN THE DEBTOR(S) UPON PLAN CONFIRMATION.**

I declare that the foregoing chapter 13 plan is true and correct under penalty of perjury.

| s/Jennifer McKinney | Debtor | May 24, 2022 | | Joint Debtor | |
|---|---|---|---|---|---|
| Jennifer McKinney | | Date | | | Date |

| s/Greg P. Pittman | May 24, 2022 |
|---|---|
| Attorney with permission to sign on Debtor(s)' behalf | Date |

**By filing this document, the Attorney for Debtor(s) or Debtor(s), if not represented by counsel, certifies that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in Local Form Chapter 13 Plan and the plan contains no nonstandard provisions other than those set out in paragraph VIII.**