IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

IN RE:

JENNIFER McKINNEY,

Debtor(s).

Case No. 22-10661
Chapter 13
Hon. Rachel M. Blise

**UNITED STATES' OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN**

The United States of America, acting through the Internal Revenue Service (IRS), by Timothy M. O'Shea, United States Attorney for the Western District of Wisconsin, and Theresa M. Anzivino, Assistant United States Attorney, objects to confirmation of Debtor's Chapter 13 plan (the Plan). ECF No. 20.

1. On April 27, 2022, Debtor filed this chapter 13 case. ECF No. 1.

2. IRS's timely-filed proof of claim totals $1,408,232.46, consisting of a secured component of $1,033,490.33, a priority component of $277,199.92, and a general unsecured component of $97,542.21 Claim No. 3-3.

3. Debtor's Plan states that she does not agree with IRS's secured claim and intends on objecting to that claim. She proposes to pay a lower secured claim amount, totaling $520,516.81, over 10 years at 3% interest, with payments continuing beyond the life of the Plan. IRS does not accept this treatment. As of today's date, there is no objection to IRS's claim, and the claim is entitled to *prima facie* validity. Fed. R. Bankr. P. 3001(f). Therefore, the Plan must distribute to IRS the value equal to the allowed amount of IRS's full secured claim. 11 U.S.C. § 1325(a)(5).

4. Even if Debtor is correct, and IRS's secured claim is lower, IRS would not agree to the proposed payment terms. IRS is entitled to monthly payments amortized over 5 years, not 10 years, at 4% interest (the interest rate on its proof of claim), not 3%, with the entire debt to be paid in full over the life of the Plan. *In re Pierrotti*, 645 F.3d 277, 279-81 (5 Cir. 2011) (confirmation denied when treatment of IRS proposed to pay secured claim over 15 years).

5. As for IRS's priority claim, Debtor's Plan states that the claim is higher (presumably to account for parts of the secured claim that likewise would be entitled to priority treatment if there was insufficient collateral to secure the liability). Should IRS agree with Debtor that its claim should be amended to reduce the secured claim and increase the priority claim, then IRS would agree to treatment that proposes to pay the priority debt in full over the life of the Plan, consistent with 11 U.S.C. § 1322(a)(2).

6. As for IRS's general unsecured claim, The Plan must also provide for payment of IRS's general unsecured claim, if any monies and/or assets remain after the secured and priority claims have been paid in full.

WHEREFORE, IRS requests that the Court deny confirmation of Debtor's Plan.

Dated August 19, 2022.

                                        Respectfully Submitted,

                                        TIMOTHY M. O'SHEA
                                        United States Attorney

                                        By:

                                        *s/Theresa M. Anzivino*
                                        THERESA (ESA) M. ANZIVINO
                                        Assistant United States Attorney

United States Attorney's Office
222 West Washington Avenue, Suite 700
Madison, WI  53703
Phone: (608) 264-5158
theresa.anzivino@usdoj.gov